In the

# United States Court of Appeals

## For the Seventh Circuit

—————————

No. 26-1783

COUNT US IN, *et al.*,

*Plaintiffs-Appellees*,

*v.*

DIEGO MORALES, *et al.*,

*Defendants-Appellants*.

—————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:25-cv-00864-RLY-MKK — **Richard L. Young**, *Judge.*

—————————

SUBMITTED APRIL 17, 2026 — DECIDED APRIL 20, 2026

—————————

Before BRENNAN, *Chief Judge*, and SCUDDER and KOLAR,
*Circuit Judges*.

PER CURIAM. Before us is an emergency motion from the
State of Indiana seeking to stay a preliminary injunction pro-
hibiting the application of a statutory provision impacting
voter eligibility. We grant the State's motion.

**I**

Since 2005, Indiana has required voters to present "proof of identification" when casting a ballot in person. See Ind. Code §§ 3-10-1-7.2(a), 3-11-8-25.1(a). For about twenty years, the State accepted student IDs from state-run universities for this purpose, provided they complied with statutory requirements applicable to all IDs used for voting. Many students availed themselves of this option to vote in Indiana. In April 2025, however, the State enacted Senate Bill 10, which specifies that proof of identification for voting no longer "include[s] a document issued by an educational institution." Ind. Code § 3-5-2.1-84(c).

The plaintiffs—two non-profit corporations dedicated to voting rights and a current student at Indiana University Bloomington—responded by filing this lawsuit in May 2025. They sued state and local election officials, contending that Senate Bill 10 imposes an unconstitutional burden on the right to vote for young people in Indiana and intentionally discriminates against young voters in violation of the Twenty-Sixth Amendment. In February 2026, the plaintiffs moved for a preliminary injunction seeking to forestall enforcement of Senate Bill 10 in Indiana's then-upcoming primary election.

Early voting in Indiana's primary election started on April 7, 2026 without a ruling on the plaintiffs' request for preliminary relief. Senate Bill 10 was in effect when voting began. One week later, on April 14, the district court agreed with the plaintiffs that Senate Bill 10 unduly burdens the constitutional right to vote and enjoined the defendants from enforcing it, including during the ongoing primary election. Indiana then filed this emergency motion asking our court to stay the district court's injunction.

We have appellate jurisdiction over the district court's grant of a preliminary injunction. See 28 U.S.C. § 1292(a)(1). Federal Rule of Appellate Procedure 8(a)(1) ordinarily requires parties to first seek a stay of injunction in the district court, but—with early voting underway and the May 5 primary election date fast approaching—we agree with Indiana that it would be "impracticable" to do so here. See Fed. R. App. P. 8(a)(2).

We also have no doubt that this remains a live case or controversy. The student plaintiff, who seeks to cast a valid ballot in Indiana elections relying on his school ID, has standing, and it appears that one plaintiff organization, Women4Change Indiana, has associational standing. See *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of the City of Milwaukee*, 708 F.3d 921, 928–29 (7th Cir. 2013).

Assured of these preliminaries, we turn to the State's request.

## II

We grant the State's emergency motion to stay the district court's order pending appeal, heeding the Supreme Court's repeated admonition that "lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) (per curiam). This principle, deriving its name from *Purcell v. Gonzalez*, 549 U.S. 1 (2006), recognizes that "[l]ate judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences." *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (mem.) (Kavanaugh, J., concurring); see also *Purcell*, 549 U.S. at 4–5 ("Court orders affecting elections … can themselves result in voter confusion ….").

We view the risk of disruption to Indiana's primary election as very serious. In no uncertain terms, the district court's injunction will alter who can cast a ballot in this election. And this change—imposed unilaterally by a federal court—comes seven days after voting in the election has already begun. See *Merrill*, 142 S. Ct. at 881 (emphasizing the particular risk when "a federal court … swoop[s] in and re-do[es] a State's election laws in the period close to an election") (Kavanaugh, J., concurring). To be sure, we are not saying that an injunction can never issue while an election is ongoing, but we see this midstream relief on what amounts to a matter of voter eligibility as a clear violation of *Purcell*.

Whether we view the *Purcell* principle as displacing the traditional factors for granting a stay, see *Nken v. Holder*, 556 U.S. 418, 426 (2009), or as an election-specific refinement of the weighing of those factors, we conclude that our federalism-related concerns are dispositive here, see *Republican Nat'l Comm.*, 589 U.S. at 425 ("[W]hen a lower court intervenes and alters the election rules so close to the election date, our precedents indicate that [an appellate court], as appropriate, should correct that error.").

For these reasons, we GRANT the State's request for a stay pending the resolution of this appeal. The court will enter a separate order setting a briefing schedule on the State's appeal.